**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: JOEL SNIDER LITIGATION                                                                                         MDL No. 2934

**ORDER DENYING TRANSFER**

  **Before the Panel:**[*] Plaintiff Joel Snider, who is proceeding *pro se*, moves to centralize this litigation in the Western District of Pennsylvania. This litigation consists of four actions pending in two districts, as listed on Schedule A.[1]  All responding defendants oppose centralization, specifically, the Pennsylvania Department of Corrections defendants;[2] federal defendants the United States, the U.S. District Court for the Middle District of Pennsylvania, and former Acting Attorney General Matthew Whitaker; mental health provider defendants Karen Kaskie, Dr. Polmueller; Dr. Pushkalai Pillai, Jennifer Herrold, Dr. Martinez and Dr. Mahvesh Sheikh; and the Clinton County, Union County, and Snyder County defendants.[3]

---

[*]   Judge Karen K. Caldwell did not participate in the decision of this matter.

[1]   Plaintiff's motion lists two additional actions that are closed.

[2]   The Pennsylvania Department of Corrections, the Director of Pennsylvania Board of Probation and Parole, Pennsylvania Attorney General's Office, Commonwealth of Pennsylvania, SCI Greene, SCI Waymart, SCI Somerset, and Officer Adamson, Deborah Aluord, Robin Alvarez, Jamie Boyd, John Burt, Officer Byrne, Mark Capozza, Dan Caro, Sergeant Cleaver, Officer Collins, Susan Cowan, Officer Crawford, Dawn Davis, Sergeant Davis, Dennis Decker, Mark Dialesandro, Kelley Falcione, Cherie Fallon, Jay Gardner, Robert Gilmore, Nedra Grego, Officer Haggeter, Warden Harry, Major Horner, Nick Jamison, Brenda Jeremiah, Gregory Johnson, Officer Jones, Hex Kerns-Barr, L.S. Kerns-Barr, Trish Kelley, Officer Killeen, Officer King, Uli Klemm, Lieutenant Kuzar, CO Longenderfer, Officer Lucachek, Anthony Luscavage, Shelly Mankey, John McAnany, R. McCombie, CO McKeehan, Michael Miller, Warden Mooney, Keri Moore, Officer Morton, M. Newmyer, CO Nichtman, Deb Rand, Sergeant Rivera, Sergeant Romig, Officer Sanders, Christine Schenck, Captain Schraeder, Tracy Shawley, Tracy Shreeve, Jabulani Sibanda, PSS Stevens, Eric Stracco, Lieutenant Strickla, Carla Swartz, K. Thomas, Eric Tice, E. Valko, Dorina Varner, Mark Wahl, Frederick Waine, John Wetzel, and Caitlin Wiegle.

[3]   Clinton County Correctional Facility, Jacqueline Motter, Wayne Bechdel, Ronald Nolte, Michael Shearer, Joshua Richard, Tyler Walker, Darby Hughes, Union County, Union Country Prison Board, Warden Shaffer, Snyder County, and Shawn Cooper.

-2-

On the basis of the papers filed,[4] we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. Although the actions present some factual overlap as to plaintiff's alleged disabilities, the conditions of his confinement at various correctional facilities in Pennsylvania, and the sufficiency of his access to the judicial system, the actions already are proceeding in an orderly manner in the two districts in which they are pending.

Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiff has failed to meet that burden here. Additionally, plaintiff appears to seek centralization for an improper purpose – that is, to fix a perceived mistake in how he filed his actions and to avoid a court he perceives as "hostile" to his claims. These are not appropriate grounds for centralization under Section 1407. *See In re Isidoro Rodriguez Litig.*, 829 F. Supp. 2d 1379, 1380 (J.P.M.L. 2011) ("'the prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention is clearly not a factor considered by the Panel in exercising its discretion under Section 1407'") (quoting *In re Glenn W. Turner Enterprises Litig.*, 368 F. Supp. 805, 806 (J.P.M.L. 1973)).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*
Ellen Segal Huvelle
Acting Chair

R. David Proctor           Catherine D. Perry
Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton

---

[4] The Panel previously determined that the facts and legal arguments were adequately presented in the briefing and dispensed with oral argument in this matter under Panel Rule 11.1(c). *See* Order Dispensing With Oral Argument, MDL No. 2934, Doc. No. 34 (J.P.M.L. Mar. 3, 2020). At various times, plaintiff has expressed concern that his filings were not being accepted due to delays in prison mail. We have given full consideration to all of plaintiff's mailed and faxed submissions, including the supplemental brief, oral argument statement, and objections to denial of enlargement of time docketed March 10, 2020, and notice of petition for extraordinary writ docketed March 25, 2020.

**IN RE: JOEL SNIDER LITIGATION** MDL No. 2934

## SCHEDULE A

<u>Middle District of Pennsylvania</u>

SNIDER v. PENNSYLVANIA DEPT. OF CORRECTIONS, ET AL., C.A. No. 4:15-00951
SNIDER v. MCKEEHAN, ET AL., C.A. No. 4:18-00801

<u>Western District of Pennsylvania</u>

SNIDER v. WITTIG, ET AL., C.A. No. 2:18-00703
SNIDER v. GILMORE, ET AL., C.A. No. 2:18-00735